**BOWLES, Price Adm'r, v. MONTAGUE et al.**

**Civil Action No. 2388.**

District Court, M. D. Pennsylvania.

Jan. 12, 1946.

Charles J. Ware, Dist. Enforcement Atty., and B. V. O'Hare, Enforcement Atty., both of Harrisburg, for plaintiff.

Herbert B. Cohen, of York, Pa., for defendants.

WATSON, District Judge.

The plaintiff, Chester Bowles, Administrator of the Office of Price Administration, brought this action on October 13, 1945, seeking treble damages and an injunction for violation of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq., and Maximum Price Regulation 172 governing charges for the sale of materials or services in connection with articles of apparel, apparel furnishings and accessories made by cutting and sewing methods, or knitting processes.

Before answering, the defendant filed a motion for a more definite statement, which motion was presented on briefs, and is now before the Court for disposition.

The complaint sets forth only that: "During the period from October 1, 1944 and the date of this complaint, the defendant, a contractor of said garments, supplied services * * * apparel, apparel furnishings * * * at prices in excess of the maximum prices established therefor by the said regulation." The amount of the overcharges, treble the amount of which is claimed as damages, was nowhere mentioned in the complaint.

Defendant moves that the plaintiff be directed to furnish (1) the manner wherein the defendant has exceeded the maximum price for the items mentioned above, and (2) the name and address of persons to whom the alleged services at prices in excess of the maximum prices were supplied and the date or dates on which such acts took place.

In my opinion the defendant is entitled to some of the information requested and, therefore, the following order is made:

The plaintiff is ordered and directed to file a more definite statement within thirty

days containing the subject matter of the violations and the manner in which the overcharges were made, whether through services, apparel, apparel furnishings or accessories made by either cutting, or sewing, or knitting methods; and further containing the maximum prices allowed by the regulations and amounts charged in excess of those prices. These facts must have been in the plaintiff's possession in order to determine that there were overcharges; and it should not be necessary for the defendant to submit to an examination before such a definite statement is furnished.

The second request, that the plaintiff furnish the names and addresses of the persons to whom the services were supplied and the specific date of each overcharge, is denied.